**In re GRAND JURY SUBPOENA DUCES TECUM DATED JANUARY 30, 1992.**

**Misc. No. 92 M–11 189 (JSM).**

United States District Court, S.D. New York.

Oct. 27, 1992.

---

Richard J. Wiener, Cadwalader Wickersham & Taft, New York City.

Frank H. Wohl, Lankler Siffert & Wohl, New York City.

Christopher J. Kelly, Nancy Dickinson, Antitrust Div., U.S. Dept. of Justice, Washington, D.C.

## MEMORANDUM OPINION AND ORDER

MARTIN, District Judge.

The government moved to compel X Corporation to produce materials in response to a grand jury subpoena *duces tecum.* Respondent, X Corporation, and its chairman, Doe, oppose the government's motion to compel and support Doe's cross-motion to quash or modify the subpoena to the extent that it calls for Doe's personal materials which are contained in such corporate documents. They contend that ordering X Corporation to produce these documents, which were created by corporate employees, in X Corporation's offices, in the ordinary course of its business, would abridge Doe's "personal privileges" under the Fourth and Fifth Amendments.

This court finds these contentions without merit and as such grants the government's motion to compel X Corporation to produce the disputed documents in their entirety.

It is well settled that corporate records are not protected from disclosure by the Fifth Amendment and that the custodian of corporate records has no Fifth Amendment privilege to refuse to produce corporate records. *In the Matter of Grand Jury Subpoenas Dated October 22, 1991 and November 1, 1991,* 959 F.2d 1158 (1992).

Doe concedes that if the subpoenaed documents were entirely corporate business records, X Corporation would be required to produce all requested materials. He claims, however, that the documents subpoenaed are all combined corporate and non-business records, and argues that he should be permitted to redact from the corporate record all entries relating to his private affairs.

The Second Circuit has developed a test to determine whether documents are personal rather than corporate and hence subject to privilege against self-incrimination. *In re Grand Jury Subpoena dated April 23, 1981,* 657 F.2d 5 (2d Cir.1981). This test includes an inquiry into "who prepared the document, the nature of its contents, its purpose or use, who maintained possession

and who had access to it, whether the corporation required its preparation, and whether its existence was necessary to the conduct of corporation's business". *Id.* at 8; *see also In re Three Grand Jury Subpoenas Dated January 5, 1988,* 847 F.2d 1024, 1030 (2d Cir.1988); *In re Grand Jury Subpoena Duces Tecum Dated April 23, 1981,* 522 F.Supp. 977, 978 (S.D.N.Y.1981).

In applying this six-point test, I find that the subpoenaed documents are corporate. The documents in question were prepared by X Corporation personnel; the nature of their contents is agreed to be mixed corporate and personal entries; their purposes include general office information, scheduling and client information; and the existence of the relevant documents were necessary to conduct the corporation's business. Although Doe claims his assistant was a "personal assistant", she was a corporate employee performing her duties as required for the conduct of the corporation's business. Thus, these documents are to be considered corporate materials.

■ Although Doe argues that only he and his assistant maintained possession and alone had access to these documents, this is not a determining factor. Access to many corporate personnel and accounting documents is often restricted, yet they are clearly corporate materials. And, furthermore, while Doe may claim that the corporation did not require the preparation of the subpoenaed materials, it was clearly required by the corporation that his secretary answer his phones during business hours, arrange his schedule, prepare his correspondence, etc., and then in some way transfer this information to Doe. Moreover, Doe chose to have his personal rolodex and calendar integrated into the corporation's computer system. Once Doe has allowed personal matters to become intermingled with such corporate information throughout this process, such non-business materials become part of the corporate documents.

■ Doe contends that he should be allowed to redact from the corporate documents entries that he contends are purely personal. While such a process of redaction has been mentioned in passing in some earlier decisions, no case has been found which would permit the wholesale redaction of corporate records which the parties seek here.

X Corporation produced approximately 6,791 corporate entries from approximately 1,600 pages of Doe's calendars, rolodexes, schedules and notes, and redacted approximately 8,888 entries claimed to be non-business. An *in camera* review revealed that these entries are so intermingled that they cannot be fairly and practically redacted, especially without inviting the potential for abuse.

The Court's review of the documents compels the conclusion that it would be both an unwarranted imposition of the time of the Court and an open invitation to abuse to permit a party, after a criminal investigation has commenced, to go back and alter corporate records for the alleged purpose of removing therefrom personal references. No existing precedent requires that result.

The only case decided by the Second Circuit that could be read as supporting that result is *In re Grand Jury Subpoena Duces Tecum Dated June 13, 1983 and June 22, 1983,* 722 F.2d 981 (1983). In that case, a former corporate officer had been subpoenaed to produce corporate documents that he had removed from the corporation. The Circuit Court ordered him to produce the records but noted that on remand the district court could review the records *in camera* to determine whether post-employment notes he made on the documents should be produced.

The distinction between post-employment notes on corporate documents and personal entries interspersed in corporate records and diaries is substantial. First, one who places personal entries in corporate records knowingly runs the risk that the corporation may disclose those records. Second, it is much easier for a judge in an *in camera* review to identify personal notes on a corporate document than it is to identify which of a thousand meetings or names relate to a personal rather than a corporate matter.

The Second Circuit's opinion is also distinguishable since there an individual was being compelled to produce the documents containing his handwritten notations.

Here, the subpoena was served on the corporation and there is no suggestion that there is no one but Doe who can produce them on behalf of the corporation.

There is also dictum in Judge Sofaer's opinion in *In re Grand Jury Subpoena Duces Tecum Dated April 23, 1981,* 522 F.Supp. 977, 984 (D.C.N.Y.1981), *on remand from* 657 F.2d 5 (2d Cir.1981), suggesting that it might be appropriate to allow a party to excise purely private notations in corporate date calendars. Judge Sofaer noted, however,

> Some courts appear to afford no such protection, perhaps because they involve situations in which a withdrawal or masking is not readily practicable, and where the personal notes are inextricably integrated into the corporate document.

Similarly, the D.C. Circuit in *In re Sealed Case (Government Records),* 950 F.2d 736 (D.C.Cir.1991) suggested a procedure for redacting personal entries on otherwise producible documents but subsequently that Court rejected such a procedure as impracticable where a substantial number of entries were involved. *Director of the Office of Thrift Supervision v. Ernst & Young,* 795 F.Supp. 7 (D.D.C.1992).

As the Second Circuit noted in *Matter of Grand Jury Subpoenas, supra,* 959 F.2d at 1163

> The Fifth Amendment protects a person against compelling self-incrimination, not against the compelled disclosure of his private information by [others].

Compelling X Corporation to produce its corporate records does not compel Doe to incriminate himself even if there are personal records of Doe intermingled in the corporate records.

At the time the subpoena here was issued, the documents were either at the corporation's New York office or at the offices of Doe's personal counsel, and were released by the corporation custodian of records with the restriction that they be retained in safekeeping and not destroyed or altered in any way. The documents were made and maintained in the "ordinary course of business" and were, at least in part, used to carry out company business.

Furthermore, the documents are not protected by attorney-client privilege. The court in *Matter of Grand Jury Subpoena, supra,* 959 F.2d at 1165, emphasized that privilege protects "confidential disclosures by a client to an attorney made in order to obtain legal assistance," citing *Fisher v. United States,* 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976), but that it "attaches not to the information but to the communication of the information," citing *United States v. Cunningham,* 672 F.2d 1064, 1073 n. 8 (2d Cir.1982). For the foregoing reasons, the government's motion to compel is granted.

SO ORDERED.